HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority except with respect to Loza’s argument under Crane v. Kentucky, 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986), as to which I respectfully dissent. The majority holds that although the Ohio Supreme Court misapplied Crane, its decision was not contrary to, and did not involve an unreasonable application of, Crane because in deciding to affirm the exclusion of Fisher’s testimony, the court considered that the jury was able to view the taped confession in evaluating its credibility, and thus did not apply a mechanistic or per se rule in violation of Crane. I cannot agree.
Crane held that absent a valid state justification, the blanket exclusion of competent evidence bearing on the credibility of a confession violates the defendant’s right to present a complete defense. See Crane, 476 U.S. at 690-91, 106 S.Ct. 2142. Crane involved the same prohibition invoked here — the court had already determined that the confession was voluntary and on that basis excluded Fisher’s testimony concerning the reliability of the confession. See State v. Loza, 71 Ohio St.3d 61, 641 N.E.2d 1082, 1093 (1994) (“[T]he trial court concluded that since it had already made a pretrial determination that Loza’s confession was voluntary, Dr. Fisher’s testimony was not appropriate during the guilt phase.”). The Ohio Supreme Court failed to acknowledge that excluding the testimony was error, and, in fact, relied on the same reason in affirming the trial court. Id. (noting in its decision to affirm that “the trial court already ruled on the voluntariness of the confession”).
It would seem that this case is squarely governed by Crane. However, the majority characterizes the relevant question of clearly established federal law as whether the state court applied an “arbitrary, mechanistic, or per se” rule to affirm the exclusion of Fisher’s testimony. Although the Supreme Court has described the rule applied in Crane, and here, as “arbitrary,” see Holmes v. South Carolina, 547 U.S. 319, 326, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (“Another arbitrary rule was held unconstitutional in Crane.... ”), the majority finds that because the Ohio Supreme Court did not apply Crane’s arbitrary rule mechanistically, it made no error cognizable on habeas review.
This determination is flawed. If the relevant question is whether the state applied an arbitrary, mechanistic, or per se rule, then the fact that the Ohio Supreme Court applied Crane’s arbitrary rule should be enough to establish a constitutional violation resulting from an unreasonable application of Crane. By forgiving application of the arbitrary rule because the Ohio Supreme Court did not apply the rule mechanistically, or in a per se fashion, the majority moves its own benchmark.
*501 More to the point, however, the Ohio Supreme Court’s discussion of the jury’s ability to view the videotape of Loza’s confession did not make its application of the Crane rule to exclude Fisher’s testimony any less arbitrary. In summarizing the evidentiary value of the videotape, the Ohio Supreme Court noted that by watching it the jury could “see and hear the tone and manner of the interrogation, the number of officers present, the physical characteristics of the room, and the length of the interrogation.” Loza, 641 N.E.2d at 1094. If Loza were claiming simply that his confession was coerced by the police, the Ohio Supreme Court’s observation might have force. But the manner in which the interrogation was conducted has no bearing on Loza’s credibility defense. Loza did not seek to argue to the jury that he confessed because of factors relating to the physical circumstances of his confession, e.g., that he was physically intimidated or questioned for long hours in a small space. Rather, Loza sought to explain to the jury through Fisher’s testimony that he confessed because his particular psychological makeup and personal history made him uniquely susceptible to the officers’ statements about the potential harm to Dorothy Jackson and his unborn child if he did not confess, and that making a false confession would be consistent with his psychological and personal history. The trial court’s evidentiary ruling denied him the opportunity to present evidence in support of that defense — his sole explanation for his purportedly false confession — during the guilt phase of trial, and the Ohio Supreme Court affirmed without identifying a valid reason to exclude the evidence.
Accordingly, because the trial court excluded Fisher’s testimony for the reason condemned in Crane and for no other valid reason, and the Ohio Supreme Court failed to recognize and, in fact, repeated the error, I cannot agree with the majority’s determination that the Ohio Supreme Court decision was not contrary to or an unreasonable application of Crane.